**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GORDON BULLOCK,<br><br>           Plaintiff,<br><br>    v.<br><br>S. JOHNSON, et al.,<br><br>           Defendants. | NO. CV 15-2070 PA (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Third Amended Complaint, all of the records herein, and the Second Report and Recommendation of a United States Magistrate Judge. After having made a de novo determination of the portions of the Second Report and Recommendation to which Objections were directed, the Court finds that Defendant Johnson's Objections to the Second Report and Recommendation are without merit and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

Johnson primarily objects to the Second Report and Recommendation's conclusion that there was a disputed issue of fact as to whether he

acted with a retaliatory motive. (Objections at 4-9; Dkt. No. 66). Initially, Johnson asserts that Plaintiff failed to create a genuine issue of material fact because he relies only on his "own self-serving declaration." (Id. at 5). However, "declarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015); Securities & Exch. Comm'n v. Phan, 500 F.3d 895, 909 (9th Cir. 2007). As the Second Report and Recommendation explained, this Court "may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." Nigro, 784 F.3d at 497; Phan, 500 F.3d at 909. Rather, "[t]hat an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact[,]" United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999); Phan, 500 F.3d at 909, and "a court ruling on a motion for summary judgment may not engage in '[c]redibility determinations' or 'the weighing of evidence,' as those are functions reserved for the jury." Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Johnson also complains that the Second Report and Recommendation "relied almost exclusively on the proximity between Plaintiff's submission of 602 Appeal 2732 and his placement in [administrative segregation]" in concluding there was a genuine issue of material fact as to Johnson's retaliatory intent even though "temporal proximity alone is insufficient to establish retaliatory intent[.]" (Objections at 5-6). But as the "almost exclusively" comment implicitly acknowledges, the Second Report and Recommendation did not rely solely

on temporal proximity to conclude that Plaintiff raised a triable issue of material fact as to Johnson's motive for placing Plaintiff in administrative segregation. Instead, the Second Report and Recommendation found that Plaintiff had presented evidence not just of proximity in time between protected speech and the alleged retaliation,[1] but also evidence that Johnson expressed opposition to Plaintiff's speech when he sought to have Plaintiff tear up a complaint to the Warden and threatened Plaintiff when Plaintiff refused to do so, and that a jury could reasonably conclude Johnson's stated reason for placing Plaintiff in administrative segregation was pretextual.[2] (See Dkt. No. 65 at 21-23). Such evidence is more than sufficient to create

---

[1] Plaintiff's grievances and complaints about staff misconduct constitute protected speech. Shepard v. Quillen, 840 F.3d 686, 689 (9th Cir. 2016); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

[2] The Objections reiterate Johnson's argument that 15 C.C.R. § 3335(a) required him to place Plaintiff in administrative segregation because Plaintiff's 2732 Appeal included the phrase "possibility [of] death" by staff. (Objections at 6-7). At the time of the events in issue, Section 3335(a) provided:

> When an inmate's presence in an institution's general inmate population presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation.

15 C.C.R. § 3335(a) (2014). However, as the Second Report and Recommendation explained, a fair reading of the 2732 Appeal does not suggest that Plaintiff's presence in the general inmate population presented a threat to Plaintiff or the institution. Rather, Plaintiff was complaining about his work and cell assignments being detrimental to his health, which are issues that could have been remedied without Plaintiff's removal from the general prison population. A jury therefore could reasonably conclude that Johnson's reliance on Section 3335(a) was pretextual. See Shepard, 840 F.3d at 689-90.

3

a genuine issue of material fact as to whether Johnson acted with retaliatory intent in placing Plaintiff in administrative segregation. Shepard v. Quillen, 840 F.3d 686, 690 (9th Cir. 2016); see also McCollum v. Cal. Dep't of Corr. & Rehab., 647 F.3d 870, 882 (9th Cir. 2011) (Absent direct evidence of a retaliatory motive, "[t]o survive summary judgment, [Plaintiff] was required to present circumstantial evidence of motive, which usually includes: '(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual.'" (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002))); Slice v. Ferriter, 448 F. App'x 725, 727 (9th Cir. 2011) ("Evidence of pretextual justification for adverse action is circumstantial evidence of retaliatory intent, and therefore creates a genuine issue of material fact precluding summary judgment." (citation omitted)).

Johnson's remaining objections are without merit and do not warrant further discussion.

No party challenges the denial of Plaintiff's summary judgment motion or the dismissal of this action against Defendant T. Brekke without prejudice.[3]

---

[3] On October 1, 2018, Plaintiff filed a response to Defendant Johnson's objections to the Second Report and Recommendation, reiterating the arguments raised in his opposition to Defendant Johnson's motion for summary judgment. (Dkt. No. 67).

**IT IS ORDERED** that (1) Plaintiff's Motion for Summary Judgment is DENIED; (2) Defendant Johnson's Motion for Summary Judgment is DENIED; and (3) Plaintiff's claims against Defendant T. Brekke are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on Plaintiff at his current address of record.

DATED: October 3, 2018

```
                              _____
                                      PERCY ANDERSON
                              UNITED STATES DISTRICT JUDGE
```